THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, a corporation of the State of New Jersey,

*vs.*

RAYMOND C. DEANE and EVA P. DEANE.

*New Castle, July 31, 1942.*

*David F. Anderson,* of the office of Southerland, Berl & Potter, for complainant.

*Francis A. Reardon,* for respondents.

THE VICE-CHANCELLOR: The substance of the bill is that a policy of insurance on the life of Mr. Deane should be reformed on the ground that its issuance constituted a mutual mistake, because it was not in accordance with the prior understanding and agreement of the parties. The demurrer to the bill was overruled under the authority of *Home Life Ins. Co. of America v. McCarns,* 25 *Del. Ch.* 220, 16 *A.* 2d 587. It was thus determined that complainant has stated a case entitling it to relief by way of reformation. Respondents have answered the bill, asserting that there was no mutual mistake and, further, that complainant is barred by laches.

In 1920, the respondent Raymond C. Deane applied to complainant for insurance on his life. The application, signed by Deane, consists in part of printed questions with blanks in which answers were inserted. One of the questions reads thus:

"What kind of policy is desired? (Use such terms as Whole Life, Twenty-Payment Life, or Twenty-Year Endowment, etc.)"

To this the following answer was written in the space provided:

"Whole Life Accidental Death and Disability Benefits."

The words "Whole Life" designate a type of policy under which premiums are payable during the entire life of the insured. Through error of its employees, complainant issued to Deane, a so-called "Twenty-Payment Life Policy" (with accidental death and disability benefits). This is a kind of policy under which premiums are payable for twenty years, or until the death of the insured prior to the expiration of twenty years. In the policy issued, the amount of each annual premium was stated to be $64.95. This sum

would have been correct for a Whole Life policy. However, it was less than the annual premium properly payable for a Twenty-Payment Life policy, which would have been $86.90, based upon the standard mortality tables as applicable to Deane at the date of the policy, for the same principal amount of insurance. Complainant introduced in evidence a copy of the policy actually issued and also a form of policy which it contends should have been issued. It appears from these exhibits that the loan and cash surrender values stated in the policy issued are greater than such values would have been in a Whole Life policy, if this kind had been issued. Except as above pointed out, the terms, conditions, and provisions of the two policies are the same.

Complainant contends that it was understood and agreed that if complainant accepted Deane's application, it would issue a Whole Life policy; that the one issued was not the one applied for, and was not in accordance with the contract or understanding of complainant and Deane; that there was a mutual mistake, and hence that the policy should be reformed. The case does not involve rights of third persons who acted in reliance upon statements in the policy.

Mr. Deane testified that he discussed Twenty-Payment Life and Twenty-Year Endowment insurance with one of complainant's agents before deciding upon the kind he wanted; that he never discussed a Whole Life policy because he did not desire insurance requiring the payment of premiums when he became older, and when his chances of earning a living would decrease; that he finally told the agent he wanted a Twenty-Payment Life policy. The agent, who severed his connection with the company seventeen years ago, testified that he had no definite recollection of the matter.

Concerning the preparation and signing of the application, respondents' answer contains the following allegations and these are supported substantially by the testimony of Mr. Deane:

"Shortly thereafter, the said agent did elicit certain information from Raymond C. Deane. Said information was written by the agent on an application blank of the complainant company. After numerous questions were answered by Raymond C. Deane and notations written on the said application blank, the said blank was presented to Raymond C. Deane for his signature and he signed the same."

Both respondents testified that some time after the application was written, complainant's agent delivered the policy here in litigation and explained certain of its provisions. Deane says that this policy was the kind he had agreed upon, and that he knew of no mistake in connection with it; that for twenty years he has paid the premiums called for by it, and that the contract should not now be altered.

The written application is opposed to respondents' oral testimony concerning the understanding of the parties. The evidence supports a finding that the words "Whole Life" were written in the application before Deane signed it. He admits that he read some of the application. It is not charged that Deane was misled by the printed question in the application: "What kind of policy is desired," or by the written expression "Whole Life" immediately following. Indeed, under the facts such a contention would hardly seem plausible. Nor is it contended that complainant's agent perpetrated a fraud upon Deane during the negotiations with him. Respondents argue that Deane and the agent had a "complete understanding as to what kind of insurance was to be sold, namely, a Twenty-Payment Life Policy," and that "Pursuant to that understanding, the policy was issued and has been in force to date." However, it has been clearly shown that the policy was issued in its actual form, not because of any understanding between Deane and the agent, but because of an error of clerks at the home office of the company, and in spite of the plain direction of the application. A photostatic copy of the application was attached to and made a part of the policy. The following declaration appears in the application above Deane's signature:

"I Hereby Declare that all the statements and answers to the above questions are complete and true, and I agree that the foregoing, together with this declaration, as well as the statements and answers made or to be made to the Company's Medical Examiner, shall constitute the application and become a part of the contract of insurance hereby applied for, and it is further agreed that the policy herein applied for shall be accepted subject to the privileges and provisions therein contained, and said policy shall not take effect until the same shall be issued and delivered by the said Company, * * *."

Upon a review of the entire record, respondents' answer and proofs are not persuasive to alter the conclusion which is manifest from the contents of the signed application: that the contract bargained for was a Whole Life policy, which, it was understood and agreed, the company should issue upon acceptance of the application.

Respondents attempt to distinguish the case of *Home Life Ins. Co. of America v. McCarns, supra,* on the ground that there, the policy delivered was the kind contracted for, except that it contained a provision not in accordance with the prior understanding of the parties; whereas, here, it is sought to substitute one kind of policy for another. The fallacy is apparent. Respondents fail to recognize that the policy issued may be converted into the policy which should have been issued by making two changes: one, in the provisions for the period during which premiums are payable; and the other, in the amounts of the cash surrender values. The name of the policy simply signifies that it contains certain terms. What complainant seeks is to alter these terms so that they will speak the truth as to the prior understanding of the parties.

It is contended that complainant is guilty of laches and relief should be denied. Complainant did not discover the mistake until twenty years after the policy was issued. The fact was brought to its attention by respondents. The company's records at its home and local offices indicated that there had been issued a Whole Life policy. Only the policy itself, which was in the possession of respondents, disclosed that it had been issued in the form of Twenty-Payment Life.

After finding out what had happened, complainant asserted its rights with diligence. No prejudice to respondents from the delay of twenty years, nor "change of situation during neglectful repose" have been demonstrated. Complainant is willing that the insured should have all for which he bargained and paid. In consequence, the defense of laches must fail. *Columbian Nat. Life Ins. Co. v. Black,* (10 *Cir.*) 35 *F. 2d* 571, 71 *A. L. R.* 128; *Berry v. Continental Life Ins. Co. of Missouri,* 224 *Mo. App.* 1207, 33 *S. W. 2d* 1016.

A decree granting the prayers for reformation will be advised.